Matter of Jaylyn Z. (Jesus O.) (2019 NY Slip Op 01846)





Matter of Jaylyn Z. (Jesus O.)


2019 NY Slip Op 01846


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8720A 8720

[*1] In re Jaylyn Z., and Others, Dependent Children Under the Age of Eighteen Years, etc., Jesus O., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Bronx Defenders, Bronx (Roshell Amezcua of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Steven N. Feinman, White Plains, attorney for the children Jaylyn Z., Hevenly O., Jaydan O., Destiny O., and Maci O.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child Ashley F.



Order of disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about January 27, 2017, to the extent it brings up for review a fact-finding order (denominated a decision), same court and Judge, entered on or about December 5, 2016, which found that respondent sexually abused Ashley F., and derivatively abused Jaylyn Z., Destiny O., Jaydyan O., Maci O., and Hevenly O., unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The contention of Ashley's attorney that respondent's appeal as applied to Ashley should be dismissed since the dispositional order from which he appealed did not include Ashley's name and her case docket number, nor did the notice of appeal, is unavailing. By order entered May 29, 2018, this Court, sua sponte, deemed respondent's notice of appeal to include the Family Court's fact-finding order, which included the docket numbers for all of the children, including Ashley (see 2018 NY Slip Op 73601[U] [1st Dept 2018]). Accordingly, this issue has already been decided by this Court.
On the merits, this appeal raises the issue of whether a child's testimony stricken from a hearing pursuant to Family Ct Act § 1028 may be considered in connection with a fact-finding hearing regarding abuse allegations, pursuant to Family Ct Act § 1046(a)(vi). We hold that it may be so used. Family Ct Act § 1046(a)(vi) sets forth, in relevant part, that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence," when corroborated, and "[t]he testimony of the child shall not be necessary to make a fact-finding of abuse or neglect." Here, then 14-year-old Ashley refused to continue with her testimony at the FCA 1028 hearing regarding her allegations of sexual abuse after she already had been cross-examined for three days by respondent's counsel. According to a letter from Ashley's therapist submitted to the court, it would be detrimental for the child to return to testify. We agree with the Family Court that it could rely upon Ashley's incomplete testimony for the purposes of the subsequent fact-finding hearing, subject to a statutory requirement of corroboration. The use of Ashley's incomplete testimony was in accordance with the legislative intent of Family Ct Act § 1046(a)(vi) to address "the reluctance or inability of victims to testify" [*2](Matter of Nicole V., 71 NY2d 112, 117 [1987]). Respondent's arguments regarding the timing and circumstances of Ashley's incomplete testimony only go its weight, not admissibility.
Significantly, during the fact-finding hearing, the allegations of sexual abuse were corroborated by testimony from Ashley's therapist, who stated that Ashley disclosed that respondent sexually abused her, and expressed symptoms and behaviors consistent with Post-Traumatic Stress Disorder (PTSD) and other symptoms consistent with the abuse. A psychologist supervising the therapist also testified, confirming Ashley's diagnosis of PTSD, sexual abuse and neglect. Such expert testimony was sufficient to support a finding of sexual abuse (see e.g. Matter of Estefania S. [Orlando S.], 114 AD3d 453 [1st Dept 2014]), and we see no reason to disturb the findings of derivative abuse as to the other children.
In light of the corroboration requirement for previous statements of abuse under Family Ct Act § 1046(a)(vi), respondent's due process concerns are unsupported (see Nicole V., 71 NY2d at 124).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK